UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY DENNIS GUTEK,

                                        Plaintiff,

            v.                                                      9:17-CV-0471
                                                                   (BKS/TWD)

JOHN DOE #1, et. al.,

                                        Defendant.
_____

APPEARANCES:

ANTHONY DENNIS GUTEK
14-B-2918
Plaintiff, pro se
Livingston Correctional Facility
P.O. Box 91
Sonyea, NY 14556

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

        Plaintiff Anthony Dennis Gutek ("plaintiff") commenced this action by filing a pro se

civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an

application to proceed in forma pauperis.  Dkt. No. 1 ("Compl."), Dkt. No. 5 ("IFP

Application").  By Decision and Order filed on June 30, 2017 (the "June Order"), this Court

granted plaintiff's IFP application, but dismissed the complaint because plaintiff failed to

name, as a defendant, any individual who was personally involved in the alleged

constitutional violations.  *See* Dkt. No. 8, *generally*.  In light of his pro se status, plaintiff was

1

afforded an opportunity to submit an amended complaint. *See id*. Plaintiff has submitted an amended complaint in response to the June Order. Dkt. No. 9 ("Am. Compl.").

## II.     LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the June Order and will not be restated here. *See* Dkt. No. 8 at 2-4. Taking into account plaintiff's pro se status, the Court construes the allegations in plaintiff's amended complaint with the utmost leniency. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

## III.     REVIEW OF AMENDED COMPLAINT

In the original complaint, plaintiff identified "the People of the State of New York" as the sole defendant and alleged that he was assaulted by five unidentified officers in his cell at the Broome County Jail ("Broome C.J."). Compl. at 2-3. In the June Order, the Court dismissed plaintiff's claims.[1] *See* Dkt. No. 8, *generally*. In the amended complaint, plaintiff names four new defendants: John Doe #1 (Grievance Officer - 2014 Broome C.J.) and John Does # 2, 3, and 4 (Rover Officers July 8, 2014 Broome C.J.). The facts set forth in the amended complaint are largely identical in content to the allegations set forth in the original complaint. Plaintiff realleges his excessive force claims against the aforementioned defendants. *See* Am. Compl., *generally*. For a more complete statement of plaintiff's claims,

---

[1]     In the June Order, the Court dismissed plaintiff's claims against the People of the State of New York, with prejudice. Dkt. No. 8 at 7. The amended complaint does not contain any claims against the People of the State of New York.

reference is made to the amended complaint.

## IV. ANALYSIS

The law related to Eighth Amendment excessive force claims was discussed in the

June Order and will not be restated herein. Dkt. No. 8 at 7-9. In the June Order, the Court

dismissed plaintiff's Eighth Amendment claims reasoning that, "[a]lthough plaintiff alleges

facts that plausibly suggest that his Eighth Amendment rights were violated, his failure to

name a proper defendant requires dismissal of this claim." Dkt. No. 8 at 9. The Court noted:

> In the body of the complaint, plaintiff alleges that Officer Jones and five unidentified officers used excessive force. Compl. at 2-3. Plaintiff does not, however, identify these individuals as defendants in the caption of his complaint, or for that matter, anywhere in the complaint. Rule 10(a) of the Federal Rules of Civil Procedure provides that, "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). A party not named in the caption of the complaint is not a party to the action. *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (the failure to name a party in the caption makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims). "If people are not also named in the caption of the [ ] complaint, they will not be defendants in the case." *See Whitley v. Krinser*, No. 06-CV-0575, 2007 WL 2375814, at *1 (W.D.N.Y. Aug. 15, 2007); *Robles v. Armstrong*, No. 3:03-CV-1634, 2006 WL 752857, at *1 n.1 (D. Conn. Mar. 17, 2006) ("The plaintiff refers to John Doe/Jane Doe of the Correctional Managed Health Care Program and John Doe/Jane Doe Members of the Revitalization Committee in the body of the amended complaint. Rule 10(a) of the Federal Rules of Civil Procedure requires that all defendants be listed in the caption of the complaint. Because the John and Jane Does are not listed in the caption of the amended complaint, they are not defendants and the court does not consider claims against them.").

Dkt. No. 8 at 9, n. 5

In the amended complaint, plaintiff claims that he was assaulted by John Does # 1, 2,

3, and 4 in his cell at the Broome C.J. on July 8, 2014. Dkt. No. 9 at 2-3. Plaintiff has identified the time, location, and the amount of force used. Thus, the Court finds that plaintiff's Eighth Amendment excessive force claims against the John Doe defendants survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

Despite finding that a response to plaintiff's Eighth Amendment claims is required, there is an impediment to service. In light of the June Order and this decision, the only defendants are John Does, who have not been identified. To complicate matters, plaintiff is no longer incarcerated at Broome C.J. In *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit held that a pro se litigant is entitled to assistance in identifying defendants. In light of the foregoing, the Clerk of Court shall send a copy of the amended complaint and this Decision and Order to the Office of the County Attorney for Broome County. Pursuant to *Valentin*, the Court requests that the County Attorney's Office attempt to ascertain the full name of the defendants. The County Attorney's Office is also requested, to the extent that it is able to identify the defendants, to provide the address where the defendants can currently be served. The County Attorney's Office need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

V.      **CONCLUSION**

**WHEREFORE**, it is hereby

4

**ORDERED**, that the amended complaint (Dkt. No. 9) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that the Office of the County Attorney for Broome County is hereby requested to produce the information specified above, to the extent that it can, regarding the identity of the defendants within thirty (30) days of the filing date of this Decision and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order, as well as to plaintiff at his address of record. Once this information is provided, the Clerk shall return this file to the Court for further review.

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:  August 11, 2017

Brenda K. Sannes
U.S. District Judge