UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTHONY DENNIS GUTEK,

                          Plaintiff,             9:17-CV-00471 (BKS/TWD)

v.

JAMES BORCHARDT, Grievance Officer - 2014 B.C.J., formerly known as John Doe #1, DAVID PARSONS, Rover Officer, 7-8-2014, B.C.J., formerly known as John Doe #2, RONALD RIQUIER, Rover Officer, 7-8-2014, B.C.J., formerly known as John Doe #3, FRANKLIN BIRT, Rover Officer, 7-8-2014, B.C.J., formerly known as John Doe #4,

                          Defendants.

---

**Appearances:**

*For Plaintiff*:
Woodruff Lee Carroll
Carroll & Carroll Lawyers, P.C.
334 Nottingham Road
Syracuse, New York 13210

*For Defendants*:
Robert G. Behnke
Broome County Attorney
Jennifer L. Suwak
Assistant County Attorney II
Broome County Attorney's Office
Edwin L. Crawford County Office Building
P.O. Box 1766
60 Hawley Street
Binghamton, New York 13902

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Plaintiff Anthony Dennis Gutek brings this action under 42 U.S.C. § 1983 alleging that Defendants James Borchardt, David Parsons, Ronald Riquier, and Franklin Birt subjected him to excessive force on July 8, 2014, while he was a pretrial detainee in Broome County Jail, in violation of the Fourteenth Amendment.[1] (Dkt. No. 13). Presently before the Court are Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56, (Dkt. No. 52), Plaintiff's motions for an extension of time "for service of complaint" and to consolidate cases, (Dkt. Nos. 63, 65), and the parties' responses, (Dkt. Nos. 62, 66, 69). The Court heard oral argument on the motions on May 8, 2020, after issuing a text order directing the parties to "be prepared to discuss why this action is not barred by the statute of limitations." (Dkt. No. 70).[2] For the reasons that follow, the Court concludes that this action is barred by the statute of limitations, grants Defendants' motion for summary judgment, and denies Plaintiff's motions as moot.

**II.    BACKGROUND**

According to Plaintiff, on July 8, 2014, he was "signed up for church" but Officer James Jones "refused to open the cell door [to] let [Plaintiff] attend church." (Dkt. No. 62-1, ¶ 42). After Plaintiff called Officer Jones "a bitch for not allowing [him] to attend church," Officer Jones called Defendants Borchardt, Parson, Riquier, and Birt. (*Id.* ¶ 46). When they arrived,

---

[1] There appears to be no dispute that Plaintiff was a pretrial detainee at the time of the alleged incident. (Dkt. No. 52-17, at 12). The parties, however, do not cite record evidence in support of this fact.

[2] Plaintiff filed a memorandum of law on May 6, 2020, without seeking the Court's permission for any such filing, which was not permitted under the Rules. (Dkt. No. 71). Plaintiff is cautioned to not to submit any such filings in the future, without leave of Court. In this case the Court has considered Plaintiff's submission.

Plaintiff complied with their order to put his hands behind his back, they handcuffed him, and escorted him "to solitary." (*Id.* ¶¶ 48–49, 63). "When passing the desk of [O]fficer Jones [Plaintiff] called Jones a bitch again." (*Id.* ¶ 50). Defendants "then picked [Plaintiff] up by [his] arms and legs and slammed [him] into a steel beam." (*Id.* ¶ 51). Plaintiff "started bleeding and was knocked unconscious." (*Id.* ¶ 52). Defendants then "picked [Plaintiff] up" again "and carried [him] head first smashing [his] head into various doors until they reached the solitary confinement." (*Id.* ¶ 53). Plaintiff was knocked unconscious again, sustained a concussion, and "received a large gash." (*Id.* ¶¶ 54, 55, 57). Defendants assert that Plaintiff hit his head as they were attempting to subdue him after he had "violently resisted the defendants and also lunged toward Officer Jones" when the officers were escorting him to the D-Pod unit (also known as "the box" or "the SHU"). (Dkt. No. 52-16, at 2–4).

    A.    ***Gutek I***

On April 11, 2017, Plaintiff, acting pro se, filed this action in the Southern District of New York. (Dkt. No. 1 ("*Gutek I*")). Plaintiff named the People of the State of New York as the sole Defendant. (*Id.*). On April 25, 2017, finding venue improper because, inter alia, Plaintiff's claims arose in Broome County, New York, Chief United States District Judge Colleen McMahon transferred this matter to the Northern District of New York. (Dkt. No. 2). On May 2, 2017, this Court entered an Order directing administrative closure of the case because Plaintiff had neither paid the filing fee for this action nor filed an In Forma Pauperis Application Form ("IFP Application"). (Dkt. No. 4). On May 15, 2017, the Court reopened the case and restored it to the active docket after receiving Plaintiff's IFP Application. (Dkt. No. 7).

In an Order entered on June 30, 2017, the Court, screening the Complaint under 28 U.S.C. §§ 1915(e) and 1915A, concluded that Plaintiff's claims against the People of the State of New York were barred by sovereign immunity and dismissed them with prejudice. (Dkt. No. 8,

3

at 6–7). The Court nevertheless considered the viability of his excessive force claim and found that while the Complaint "alleges facts that plausibly suggest his Eighth Amendment rights were violated, his failure to name a proper defendant requires dismissal of this claim." (*Id.* at 9). The Court noted that the Complaint alleged that an Officer Jones and "five unidentified officers used excessive force," but that Plaintiff had not identified "these individuals as defendants in the caption of his complaint, or for that matter, anywhere in the complaint." (*Id.* at 9 n.5). Though it dismissed the claims against the People of the State of New York with prejudice, in light of his pro se status, the Court allowed Plaintiff thirty days to file an amended complaint. (*Id.* at 10–11).

On July 21, 2017, Plaintiff filed an Amended Complaint naming John Doe #1, John Doe #2, John Doe #3, and John Doe #4. (Dkt. No. 9). On August 11, 2017, the Court issued an Order finding that the Amended Complaint's Eighth Amendment excessive force claims against the John Doe defendants survived initial review and required a response. (Dkt. No. 10, at 4). Further, the Court directed the Clerk of the Court to contact the Office of the County Attorney for Broome County and request its assistance in identifying the John Doe defendants. (*Id.*).

In a letter filed on September 11, 2017, the Broome County Attorney's Office identified Defendants Borchardt, Parsons, Riquier, and Birt. (Dkt. No. 11). In a Text Order entered on September 26, 2017, the Court directed the Clerk's Office to forward the letter from the Broome County Attorney's Office to Plaintiff and directed Plaintiff to file a proposed second amended complaint identifying the Doe defendants. (Dkt. No. 12).

On October 13, 2017, Plaintiff filed the Second Amended Complaint naming Borchardt, Parsons, Riquier, and Birt as Defendants. (Dkt. No. 13). In an Order entered on December 1, 2017, the Court deemed the Second Amended Complaint the operative pleading in this action and directed the Clerk to issue summonses and forward them to the United States Marshal for

4

service on Defendants. (Dkt. No. 14). Defendants were personally served on January 10 and 11, 2018. (Dkt. Nos. 19–22). On January 26, 2018, Defendants filed an Answer. (Dkt. No. 24).

**B.**     *Gutek II*

The same day he filed *Gutek I*, Plaintiff filed a second complaint in the Southern District concerning the same events but naming, in addition to the People of the State of New York and Broome County Jail, John Doe Officer #1 and John Doe Officer #2. *See Gutek v. People of the State of New York et al.* ("*Gutek II*"), 9:17-cv-00433 (DNH/CFH) (filed Apr. 11, 2017). On April 11, 2017, upon determining Plaintiff's claims arose in Broome County, Chief Judge McMahon transferred the action to the Northern District, where it was assigned to United States District Judge David N. Hurd. (*Gutek II*, Dkt. No. 3). On July 10, 2017, following administrative closure and reopening, (*Gutek II*, Dkt. Nos. 5, 8), Judge Hurd issued an Order dismissing *Gutek II* as duplicative of *Gutek I*. (*Gutek II*, Dkt. No. 9). Judge Hurd observed that although it was filed the on the same day *Gutek I*, Plaintiff signed the complaint in *Gutek II* "on April 5, 2017—three days after he signed the complaint in *Gutek I*." (*Gutek II*, Dkt. No. 9, at 8). Judge Hurd further observed that the complaints contained "nearly identical allegations" concerning "the alleged use of excessive force by unidentified corrections officers at Broome County Jail on July 8, 2014." (*Id.*). In dismissing the complaint as duplicative,[3] Judge Hurd noted that *Gutek I* was still pending and that Plaintiff had "been provided with an opportunity to submit an amended complaint in *Gutek I* to identify 'to the best of his ability' the name of each individual responsible for the alleged use of excessive force" and if Plaintiff "wish[ed] to proceed with the claims [in *Gutek II*] against any party alleged to have been involved in the July 8, 2014

---

[3] Judge Hurd determined that "judicial economy would be best served by dismissing" *Gutek II* as duplicative, because although both complaints were filed the same day, the complaint in *Gutek I* was signed first. (*Gutek II*, Dkt. No. 9, at 9 n.8 (citing *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) ("[W]here there are two competing lawsuits, the first suit should have priority."))).

5

wrongdoing at Broome County Jail, he should pursue those claims" in *Gutek I*. (*Gutek II*, Dkt. No. 9, at 8, 9 n.9). *Gutek II* was dismissed without prejudice and judgment was entered on July 10, 2017. Plaintiff did not file an appeal or an amended complaint.

### III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*, 477 U.S. at 248). The movant may meet this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. If the moving party meets this burden, the nonmoving party must "set out specific facts showing a genuine issue for trial." *Anderson*, 477 U.S. at 248, 250; *see also Celotex*, 477 U.S. at 323-24; *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003).

**IV.    DISCUSSION**

Defendants argue that Plaintiff's excessive force claims against them are barred by the three-year statute of limitations applicable to claims brought under § 1983 because the alleged incident occurred on July 8, 2014, and they were not named as Defendants until July 21, 2017, at the earliest. (Dkt. No. 52-17, at 7–8; *see* Dkt. No. 9 (Amended Complaint, filed July 21, 2017, naming John Doe Defendants #1–4); Dkt. No. 13 (Second Amended Complaint, filed October 13, 2017, identifying John Doe Defendants by name)). Plaintiff asserts that the statute of limitations does not bar his claims claiming, inter alia, that the complaint identifying the four defendants relates back to the originally-filed complaint under Fed. R. Civ. P. 15 and N.Y. C.P.L.R. 1024. (Dkt. No. 71). Also threaded through Plaintiff's submissions is his contention that he, or the Court, mistakenly filed *Gutek I* and *Gutek II* as separate actions, and that the original pleadings, including his claims against two John Doe defendants as asserted in *Gutek II*, should have been viewed as part of a single, timely, action. (*See* Dkt. No. 62-19, at 14–18; Dkt. No. 63; Dkt. No. 65-1, ¶¶ 11–14 (stating that "the district court erroneously treated" *Gutek I*, which was "a notice of claim," "as a complaint" and "ignored the document denominated a complaint," i.e., the complaint in *Gutek II*, dismissing it "as redundant")). Plaintiff's assertions, many of which lack legal and factual support, are unavailing.

"Section 1983 does not provide a specific statute of limitations. Thus, courts apply the statute of limitations for personal injury actions under state law." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citing *Owens v. Okure*, 488 U.S. 235, 249–51 (1989)). In New York, the statute of limitations for personal injury actions is three years. *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (citing N.Y. C.P.L.R. § 214(5)). In this case, the statute of limitations on Plaintiff's excessive force claim began to run on July 8, 2014, the date of the incident, and expired three years later on July 8, 2017. Although Plaintiff filed the original Complaint on April

7

11, 2017—within the three-year limitations period—he only named the People of the State of New York as a defendant without naming any individual defendants—John Doe or otherwise. (Dkt. No. 1). Plaintiff first named John Doe defendants in his Amended Complaint, filed on July 21, 2017, after the statute of limitations had expired, and did not identify them until October 13, 2017, when he filed the Second Amended Complaint. (Dkt. Nos. 9, 13). Moreover, even if the original—timely—Complaint could be construed as a "John Doe pleading," there is no evidence Plaintiff attempted to ascertain Defendants' identities prior to the July 8, 2017 expiration of the statute of limitations. Thus, Plaintiff's naming the individual Defendants in the Second Amended Complaint would not relate back to the filing of the original Complaint.

"Generally, 'John Doe pleadings cannot be used to circumvent statutes of limitations because replacing a John Doe with a named party in effect constitutes a change in the party sued.'" *Hogan*, 738 F.3d at 517 (quoting *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993)). Thus, "John Doe substitutions . . . 'may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met.'" *Id.* (quoting *Aslanidis*, 7 F.3d at 1075). To determine whether the Second Amended Complaint naming the individual Defendants relates back to the date of the original complaint, the Court considers Rules 15(c)(1)(C) and Rule 15(c)(1)(A).[4]

---

[4] Rule 15(c)(1) provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
>> (A) the law that provides the applicable statute of limitations allows relation back;
>>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out-- in the original pleading; or
>>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

A.     Rule 15(c)(1)(C)

Under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, the following requirements must be met for a later amendment to a pleading to relate back to the date of the original pleading:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, *but for a mistake of identity*, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Ceara v. Deacon*, 916 F.3d 208, 211 (2d Cir. 2019) (quoting *Hogan*, 738 F.3d at 517). The Second Circuit has interpreted this rule to preclude "relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities." *Hogan*, 738 F.3d at 517. Even assuming, as Plaintiff asserts, that the Court (or Plaintiff) mistakenly filed *Gutek I* and *Gutek II* as separate actions, and that the original pleadings, including his claims against two John Doe defendants as asserted in *Gutek II*, should have been viewed as part of a single action, Rule 15(c)(1)C) would not save his claims because he cannot meet the third requirement. The original complaint in *Gutek II* named two John Doe defendants and Circuit precedent "makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" *Id.* at 518; *see also Ceara*, 916 F.3d at 211–12 ("[A]mendments to 'John Doe complaints' to add real names do not

---

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

9

relate back under Rule 15(c)(1)(C) because such amendments were made 'not to correct a mistake but to correct a lack of knowledge.'" (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995)). Thus Rule 15(c)(1)(C) does not allow relation back.[5] The outcome is the same even if the Court construes the original Complaint in *Gutek I* as asserting an excessive force claim against unidentified officers.[6] Accordingly, the Court must consider whether Rule 15(c)(1)(A) permits relation back.

### B.    Rule 15(c)(1)(A)

"Rule 15(c)(1)(A) permits an amended pleading to relate back when 'the law that provides the applicable statute of limitations allows relation back.'" *Hogan*, 738 F.3d at 518 (quoting Fed. R. Civ. P. 15(c)(1)(A)). As relevant here, § 1024 of "the New York Civil Practice Law and Rules . . . creates a special procedure for claims alleged against John Doe defendants," which "New York courts have interpreted . . . to permit John Doe substitutions *nunc pro tunc*." *Id.* at 518–19 (citing *Bumpus v. N.Y.C. Transit Auth.*, 66 A.D.3d 26, 29–30 (2d Dep't 2009)); *see also* N.Y. C.P.L.R. § 1024. Under § 1024, "[a] plaintiff 'who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party' may proceed against that party by designating a fictitious name (a 'John Doe') until they become aware of that party's identity." *Barrett v. City of Newburgh*, 720 F. App'x 29, 33 (2d Cir. 2017) (quoting N.Y. C.P.L.R. § 1024).

---

[5] In his submissions, Plaintiff repeatedly references "120 days," (Dkt. No. 62-19, at 15; Dkt. No. 62-18, ¶¶ 25–27, 30; Dkt. No. 63, ¶ 28–30, 33), and asserts this action is timely because "Defendants knew of this action before the 120 days after the original complaint. (Dkt. No. 62-16, ¶ 30). There is no evidence that any Defendant was aware of this action before August 14, 2017, which is 125 days after the filing of the original Complaint. Even if Plaintiff satisfied the 120-day notice requirement for relation back, *Ceara*, 916 F.3d at 211, because there was no "mistake of identity," Plaintiff's assertions are unavailing.

[6] The Court advised Plaintiff when dismissing the original Complaint on June 30, 2017—within the limitations period—that he had not named any individuals as defendants and that he would need to do so in order to proceed on his claims against them. (Dkt. No. 8, at 10).

To satisfy § 1024, a party must: (1) "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name"; and (2) "describe the John Doe party 'in such form as will fairly apprise the party that [he] is the intended defendant.'" *Hogan*, 738 F.3d at 519 (quoting *Bumpus*, 66 A.D.3d at 29–30).

Even viewing Plaintiff's efforts—given his pro se status throughout much of this case—in the most generous light, there is no basis for finding that Plaintiff exercised due diligence to identify the John Doe defendants prior to the expiration of limitations period. To establish due diligence, a "plaintiff must 'show that he or she made timely efforts to identify the correct party before the statute of limitations expired,' and that he or she took 'concrete and timely steps' to ascertain the defendant's identity." *Wheeler v. Buckley*, No. 16-cv-7441, 2019 WL 2024005, at *6, 2019 U.S. Dist. LEXIS 77526, at *15 (S.D.N.Y. May 7, 2019) (first quoting *Strada v. City of New York*, No. 11-cv-5735, 2014 WL 3490306, at *5, 2014 U.S. Dist. LEXIS 94687, at *16 (E.D.N.Y. July 11, 2014) then quoting *Smith v. New York*, No. 17-cv-6344, 2019 WL 1208384, at *4, 2019 U.S. Dist. LEXIS 41512, at *9 (W.D.N.Y. Mar. 14, 2019)). *See also Barrett*, 720 F. App'x at 33 ("A plaintiff exercising due diligence will take concrete and timely steps to ascertain an officer defendant's identity, for example by submitting multiple discovery demands, requests under state or federal Freedom of Information laws, or requests to the Attorney General's office.").

Plaintiff filed the action on April 11, 2017, approximately two years and nine months into the three-year limitations period. (Dkt. No. 1). He has not described taking any action before the July 8, 2017 expiration of limitations period to identify the officers who subjected him to the alleged excessive force. *See Wheeler*, 2019 WL 2024005, at *6, 2019 U.S. Dist. LEXIS 77526, at *16 ("[C]ourts have consistently required that plaintiffs, *including pro se plaintiffs*, themselves

11

take action to identify John Doe defendants.") (citing cases) (emphasis added)). *See also Bumpus*, 66 A.D.3d at 30 ("[a]ny failure to exercise due diligence to ascertain the 'Jane Doe's' name subjects the complaint to dismissal as to that party."); *Mosquea v. City of New York*, No. 15-cv-9410, 2016 WL 5818592, at *2, 2016 U.S. Dist. LEXIS 138473, at *5 (S.D.N.Y. Oct. 5, 2016) (finding the plaintiff failed to show due diligence where he failed to "describe[] any efforts, prior to the expiration of the limitations period, to ascertain the identities of the John and Jane Doe defendants").

Further, even assuming the allegations concerning the four officers who allegedly subjected Plaintiff to excessive force were sufficient to deem them John Doe defendants at the outset,[7] by filing the Complaint three months before the expiration of the limitations period, Plaintiff did not allow sufficient time to obtain a "*Valentin* order (which is routinely issued in this district) in order to identify the [person] he wanted to sue."[8] *Sherrard v. City of New York*, No. 15-cv-7318, 2016 WL 1574129, at *4, 2016 U.S. Dist. LEXIS 51044, at *10 (S.D.N.Y. Apr. 15, 2016). Indeed, by the time the Court issued the *Valentin* order on August 11, 2017, the statute of limitations had expired. (Dkt. No. 10). *See Liverpool v. Davis*, No. 17-cv-3875, 2020 WL 917294, at *9, 2020 U.S. Dist. LEXIS 33237, at *23 (S.D.N.Y. Feb. 26, 2020) (finding the plaintiff failed to exercise due diligence where he filed the complaint "more than two years and ten months after the incident occurred," which did not allow sufficient time to obtain a *Valentin* order, and "neither alleged nor argued that he took any steps during that time to identify the individual who had allegedly used excessive force against him").

---

[7] Plaintiff argues this could be accomplished by consolidating *Gutek I* and *II*, the latter of which named two John Doe defendants. (Dkt. No. 62-19, at 17–18).

[8] *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997).

12

Plaintiff knew as early as July 8, 2014, the date of the alleged incident, that four officers were involved. (Dkt. No. 1; Dkt. No. 52-12, at 33–34). There is no evidence that Plaintiff took any steps by making formal or informal requests to Broome County Jail or the County to identify these officers prior to the expiration of the statute of limitations on July 8, 2017. When questioned at oral argument, Plaintiff's counsel could not identify any action that Plaintiff had taken to identify the officers before July 8, 2107. In addition, Plaintiff filed this action less than three months before the limitations period expired and made no requests for assistance during that initial time period in identifying the officers. *See Berman v. Perez*, No. 17-cv-2757, 2018 WL 565269, at *3, 2018 U.S. Dist. LEXIS 9837, at *7–8 (S.D.N.Y. Jan. 11, 2018) (finding § 1024 did not permit relation back where there was "no indication that [the plaintiff] took any action beyond filing his original complaint much less exercised due diligence—in the nearly three years between the alleged incident on June 9, 2014, and June 9, 2017, when the statute of limitations expired, to ascertain the identities of the John Doe defendants" and "waited over two and a half years after the incident in question . . . to bring his original complaint"). Thus, because Plaintiff has failed to show due diligence in attempting to identify Defendants, his claims against them in the Second Amended Complaint do not relate back to the original Complaint and are barred by the statute of limitations.

      **C.    Equitable Tolling**

It is not clear what Plaintiff means by his assertion that the procedural history of this case somehow reflects that the Court "extended the statute of limitations." (Dkt. No. 62-19, at 15). To the extent this could be construed as an assertion that equitable tolling applies in this case, he fails to identify any facts in the record that would justify application of that doctrine. "Equitable tolling is an extraordinary measure that applies only when plaintiff is *prevented from filing* despite exercising that level of diligence which could reasonably be expected in the

circumstances." *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011) (quoting *Veltri v. Bldg. Serv. 32B–J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004)) (emphasis in original). For the reasons described above, Plaintiff has not demonstrated the requisite level of diligence.

Furthermore, in *Gonzalez*, the Second Circuit instructed "that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process [under the Prison Litigation Reform Act]." 651 F.3d at 323–24 (quoting *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005)). The equitable tolling period begins when a plaintiff first raises his administrative claim and ends when the plaintiff's administrative remedies are deemed exhausted. *Id.* at 324 ("[T]he applicable three-year statute of limitations is tolled only during that exhaustion period and not during the period in between the accrual of those claims and when [the plaintiff] began the administrative remedy process."). The applicable statute of limitations is tolled during the time that an inmate is "'actively exhausting' his administrative remedies." *Melendez v. Greiner*, 477 F. App'x 801, 803 (2d Cir. 2012) (quoting *Gonzalez*, 651 F.3d at 322 n.2). The plaintiff bears the burden of showing that he is entitled to equitable tolling. *See Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007). Plaintiff did not raise this point in arguing that his Second Amended Complaint was timely and, even if the Court were, in an abundance of caution, to consider this issue, Plaintiff failed to adduce evidence of a time period in which he was "actively exhausting" his administrative remedies that would change the result here.[9]

---

[9] In his deposition Plaintiff testified that "tried" to file a grievance, without specifying how or when, and that the grievance officer – one of the alleged assailants -- who provided grievance forms would not come to Plaintiff's cell. (Dkt. No. 62-5, at 79–80). Plaintiff stated that he was told he could file a grievance after his July 29, 2017 disciplinary hearing, but that after the hearing he was told by "[e]very officer that [he] talked to" that no officer would allow him to file a grievance on another officer, and that he "eventually" – without specifying when – "stopped asking." (*Id.*). Even assuming that Plaintiff "was actively exhausting" his administrative remedies during the 21-day period between July 8, 2014, the date of the alleged assault, and July 29, 2014, the date of the disciplinary hearing, adding these 21 days to extend he statute of limitations, and extending it to July 29, 2017, would not aid Plaintiff because, as discussed above, there is no evidence that Plaintiff took any action to identify Defendants prior to July 29, 2017. Indeed, the first step toward identifying the John Doe defendants occurred on August 11, 2017, when the Court requested the Broome

14

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 52) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motions for extension of time for service and consolidation (Dkt. Nos. 63, 65) are **DENIED as moot**; and it is further

**ORDERED** that the Second Amended Complaint (Dkt. No. 13) is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

Dated: May 11, 2020
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

County Attorney's assistance. (Dkt. No. 10). Plaintiff only identified the individual Defendants in the Second Amended Complaint (filed September 26, 2017) after the Broome County Attorney's response. (Dkt. Nos. 11, 13).